| | |
|---|---|
| 1 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 2 | AMBER L. ROLLER, CA Bar No. 273354 |
| | amber.roller@ogletree.com |
| 3 | J. NICHOLAS MARFORI, CA Bar No. 311765 |
| | nicholas.marfori@ogletree.com |
| 4 | 400 South Hope Street, Suite 1200 |
| | Los Angeles, CA 90071 |
| 5 | Telephone: 213-239-9800 |
| | Facsimile: 213-239-9045 |

Attorneys for Defendant
LA OSM WILSHIRE LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Orlando Garcia, | Case No. 2:20-cv-10711 |
| Plaintiff, | **DEFENDANT LA OSM WILSHIRE LLC'S NOTICE OF REMOVAL** |
| v. | [*Filed concurrently with Civil Cover Sheet and Corporate Disclosure Statement and Certificate of Interested Parties*] |
| LA OSM Wilshire LLC, a Delaware Limited Liability Company; and Does 1-10, | |
| Defendant. | Complaint Filed: September 29, 2020 |
| | Trial Date: None |
| | District Judge: Hon. _____ |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ORLANDO GARCIA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant LA OSM Wilshire LLC ("Defendant"), removes this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (c), and 1446, because plaintiff Orlando Garcia's ("Plaintiff") action presents a federal question by asserting claims under the Americans With Disabilities Act of 1990 ("ADA") [42 U.S.C. §§ 12101, *et seq*.]. These facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below:

**I.     THE STATE COURT ACTION**

On or about September 29, 2020, Plaintiff filed his Complaint, entitled *Orlando Garcia, Plaintiff, v. LA OSM Wilshire LLC, a Delaware Limited Liability Company; and Does 1-10,* in the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV37131.  The causes of action in the Complaint include: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); and (2) Violation of the Unruh Civil Rights Act, California Civil Code section 51 e*t seq*. ("Unruh").  On October 25, 2020, Plaintiff completed service of process on Defendant by leaving the Summons and Complaint with a person at least 18 years of age apparently in charge at Defendant's office or usual place of business on October 14, 2020 and mailing the documents to Defendant on October 15, 2020.  *See* Cal. Code Civ. Proc. § 415.20 (setting forth requirements for substituted service and providing that "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing").  A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

Plaintiff named only LA OSM Wilshire LLC as a defendant, and he has not

yet identified any of the fictitious "Doe" defendants named in the Complaint.

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the district court within which the action is pending. The Superior Court is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(1) to the extent it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II. REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a Summons and Complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure in that Defendant was originally served with a copy of the Complaint on October 25, 2020 (*see* Cal. Code Civ. Proc. § 415.20), no more than thirty (30) days before the filing of this Notice.

The consent of fictitious "Doe" defendants is not required because they have not been served. Thus, Defendant is the only party that must consent to removal, and it has done so by filing this Notice of Removal.

## III. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1441(B) AND (C)

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under a federal statute, namely, the ADA [42 U.S.C. §§ 12101, *et seq*.].

Plaintiff's first cause of action alleges violations of the ADA [42 U.S.C. §§ 12101, *et seq*.]. (Ex. A, Complaint ¶¶ 20-23.) Accordingly, Plaintiff's lawsuit is removable to this Court because there is federal question jurisdiction. *See Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

Pursuant to 28 U.S.C. § 1367, this Court has the discretion to exercise supplemental jurisdiction over the state law claim in Plaintiff's Complaint because the state law claim is transactionally-related to Plaintiff's ADA cause of action. The state law claim derives from the same common nucleus of operative facts as the federal claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Emich*, 846 F.2d at 1196. More specifically, Plaintiff's claims for violation of the ADA and of the Unruh Civil Right Act both allege that Plaintiff was denied access to Defendant's hotel due to alleged barriers on Defendant's reservation system. (*See* Complaint ¶¶ 17-19, 23, 25-27.)

## IV.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

Pursuant to 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to all parties and will file a copy of that Notice with the Superior Court of California, County of Los Angeles. True and correct copies of the notice to Plaintiff and to the state court will be filed promptly in this Court. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by **Exhibit B**, which is a copy of all process, pleadings, and orders served upon Defendant in this action.

## V.   CONCLUSION

Because this civil action presents a federal question, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: November 24, 2020

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ J. Nicholas Marfori
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendant
LA OSM WILSHIRE LLC

45004740.1